```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION


LESTER A. KOELLING,              )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 4:05 CV 2217 CAS
                                 )                     DDN
JO ANNE B. BARNHART,             )
Commissioner of                  )
Social Security,                 )
                                 )
          Defendant.             )
```

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This action is before the court for judicial review of the final decision of the defendant Commissioner of Social Security denying the application of plaintiff Lester A. Koelling for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401, et seq. The action was referred to the undersigned United States Magistrate Judge for a recommended disposition under 28 U.S.C. § 636(b).

### 1. Background

On February 6, 2004, plaintiff applied for disability benefits. He alleged he became disabled on February 5, 2004, at the age of 52, due to heart problems. (Tr. 132, 140.)

Following an evidentiary hearing on April 27, 2005, an administrative law judge (ALJ) denied benefits on June 21, 2005. (Tr. 11-19.) Because the Appeals Council denied review of the ALJ's decision (Tr. 3-6), it became the final decision of the Commissioner for review in this action.

### 2. General Legal Principles

The court's role on judicial review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. Pelkey v. Barnhart, 433 F.3d 575, 577 (8th Cir. 2006). "Substantial evidence is relevant evidence that a reasonable

mind would accept as adequate to support the Commissioner's conclusion."
Id. In determining whether the evidence is substantial, the court
considers evidence that detracts from, as well as supports, the
Commissioner's decision. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th
Cir. 2000). So long as substantial evidence supports that decision, the
court may not reverse it because substantial evidence exists in the
record that would have supported a contrary outcome or because the court
would have decided the case differently. See Krogmeier v. Barnhart, 294
F.3d 1019, 1022 (8th Cir. 2002).

To be entitled to disability benefits, a claimant must prove he is
unable to perform any substantial gainful activity due to a medically
determinable physical or mental impairment that would either result in
death or which has lasted or could be expected to last for at least 12
months. See 42 U.S.C. § 423(a)(1)(D), (d)(1)(A). A five-step
regulatory framework governs the evaluation of disability in general.
See 20 C.F.R. § 404.1520; see also Bowen v. Yuckert, 482 U.S. 137,
140-41 (1987) (describing the five-step process); Fastner v. Barnhart,
324 F.3d 981, 983-84 (8th Cir. 2003). If the Commissioner finds that
a claimant is disabled or not disabled at any step, a decision is made
and the next step is not reached. 20 C.F.R. § 404.1520(a)(4).

Here, the ALJ determined that plaintiff could not do his past
relevant work. (Tr. 18.) Therefore, the burden shifts to the
Commissioner to show that plaintiff can perform other relevant work in
the national economy. Goff v. Barnhart, 421 F.2d 785, 790 (8th Cir.
2005). The ALJ found that plaintiff could perform some light work, so
long as he was not required to climb, lift his hands over his head more
than occasionally, and could avoid extreme temperatures and humidity.
(Tr. 18.)

### 3. The ALJ's decision

In a June 21, 2005 decision, the ALJ found that plaintiff was not
disabled. The ALJ considered plaintiff's past work history and
education. The ALJ found that plaintiff had not performed substantial
gainful activity since the alleged February 5, 2004 disability onset
date. The ALJ found that plaintiff has the severe impairment of

coronary artery disease[1] with a history of myocardial infarction,[2] status post defibrillator and pacemaker implantations.[3] The ALJ found that plaintiff did not have an impairment or combination of impairments that meets or equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P in Appendix 1. (Tr. 12-13.)

The ALJ considered plaintiff's testimony, but found plaintiff's subjective complaints only partially credible. Citing Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), the ALJ found that plaintiff underwent sporadic medical treatment, and was not hospitalized at any time after the alleged onset date. He took no pain medication. The ALJ noted that, although plaintiff had a stable work history prior to the onset date, he was receiving short-term disability benefits and pension after February 2004, which may have reduced his incentive to work. He never tried to obtain less strenuous work. The ALJ found that plaintiff performed a variety of daily activities. Physicians noted plaintiff was active. (Tr. 13-14.)

The ALJ considered plaintiff's medical records to determine whether plaintiff's cardiac abnormalities would preclude all work. The ALJ found nothing in the treatment records to warrant a finding of total disability. The ALJ considered the opinions of James W. Ketchum, M.D.,

---

[1]Coronary artery disease is a common form of heart disease, and occurs when the coronary arteries become narrowed or blocked. Webmd.com/hw/heart_disease/hw11270.asp. (Last visited January 16, 2007.)

[2]Myocardial infarction, commonly known as a heart attack, is permanent damage to the heart muscle and occurs when part of the heart tissue dies due to a lack of blood supply. Webmd.com/content/pages/9/1675_57842.htm. (Last visited January 16, 2007.)

[3]Plaintiff had a heart attack in November of 2000, and had a defibrillator implanted in January 2001. (Tr. 30-31.) He returned to work as a construction worker after this, until February 2004, when his doctor recommended he no longer work in construction because his defibrillator fired three times in January 2004. (Tr. 32-34.)

and John A. Nash, M.D., F.A.C.C.,[4] who both opined that plaintiff should not return to work, but found these opinions not credible. The ALJ found that their opinions were not afforded the weight normally given to treating physicians because they were unsupported by the exams, inconsistent with treatment records, and both doctors rendered opinions about disability which are opinions reserved for the ALJ. (Tr. 14-16.)

The ALJ found that plaintiff was unable to return to his previous work as a construction worker. The ALJ found that plaintiff has the residual functional capacity (RFC) to perform a light level work[5] activity, and was therefore not disabled. His ability to do light work was restricted in that he was not able to climb ladders, ropes, stairs, ramps, or scaffolds, and he must avoid extreme temperatures and humidity. Plaintiff should only occasionally reach overheard. (Tr. 17-18.)

---

[4]On March 19, 2004, Dr. Nash opined that plaintiff was "totally disabled" from working in the construction industry because of his heart condition and because plaintiff was on medication that increases the risk of bleeding. (Tr. 214.)
On May 13, 2004, Dr. Ketchum opined that plaintiff was not able to work in the construction industry because of his cardiac symptoms. (Tr. 215.)
In December 2004, Dr. Nash opined that plaintiff could not perform any light work because of his heart disease and the medicine used to treat it. (Tr. 197.)

[5]Light work is defined as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

### 4. Plaintiff's grounds for relief

Plaintiff argues that the decision of the ALJ was not supported by substantial evidence. Specifically, he argues that the RFC attributed to him by the ALJ was not supported by substantial evidence. (Doc. 17 at 5-8.)

### 5. Discussion
#### A. Ground 1: RFC

Plaintiff argues that the RFC attributed to him was not supported by substantial evidence, primarily because the ALJ disregarded the opinions of treating physicians Dr. Nash and Dr. Ketchum. Plaintiff argues that he should be limited to sedentary work[6] at best, and that the ALJ should have applied Rule No. 201.14 of the Medical Vocational Guidelines. Plaintiff argues that the ALJ found that plaintiff could work a wide variety of light level jobs without considering the further restrictions placed on him.

The RFC is "the most [a claimant] can still do despite" his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a). When determining plaintiff's RFC, the ALJ must consider "all relevant evidence" but ultimately the determination of the plaintiff's RFC is a medical question. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). As such, the determination of plaintiff's ability to function in the workplace must be based on some medical evidence. Id.; see also Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000).

The ALJ described plaintiff's RFC as follows:

> Claimant, secondary to his overall medical condition, is restricted to light work with the following restrictions: He should never be required to climb ladders, ropes, stairs, ramps or scaffolds. He should avoid all exposure to extremes of temperature and humidity. He should only occasionally perform overhead reaching.

---

[6]Sedentary work is defined as work that requires "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). It involves sitting, "but a certain amount of walking and standing is often necessary in carrying out job duties." Id.

(Tr. 18.)

When determining the RFC, "[t]he opinions of the claimant's treating physicians are entitled to controlling weight if they are supported by and not inconsistent with the substantial medical evidence in the record." Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). "Such opinions are given less weight if they are inconsistent with the record as a whole or if the conclusions consist of vague, conclusory statements unsupported by medically acceptable data." Id.; Singh v. Apfel, 222 F.3d at 452. The ALJ must set forth its reasons for the weight given to a treating physician's assessment. Singh, 222 F.3d at 452.

Here, the ALJ discredited the opinions of Dr. Ketchum and Dr. Nash because they were not supported by medical evidence, were inconsistent, and were opinions about disability which are reserved for the ALJ. There is substantial evidence supporting the ALJ's decision to discredit the treating physicians' opinions. Dr. Ketchum did not opine that plaintiff was totally unable to perform any work; he opined that plaintiff could no longer work in construction, which is consistent with the ALJ's decision that plaintiff cannot perform his past relevant work. (Tr. 215.) Further, Dr. Nash opined the same on March 19, 2004. (Tr. 214.)

Dr. Nash's opinion on December 7, 2004, that plaintiff could not perform light work (Tr. 197), is inconsistent with the medical evidence. There are no limitations in the medical evidence that prevent plaintiff from performing the requirements of light work. In February 2004, Dr. Ketchum opined that plaintiff could lift 20 pounds occasionally, and 10 pounds frequently. Plaintiff could sit for six hours, stand or walk for six hours, and was unlimited in his ability to push or pull. Dr. Ketchum noted that plaintiff complained of shortness of breath, dizziness, and fatigue, but that these complaints did not hinder his ability to do household chores. (Tr. 157-67.) On March 8, 2005, James E. Greenwald, M.D., noted that plaintiff's cardiac evaluation was normal. (Tr. 190-92.) Dr. Greenwald opined that plaintiff could lift 25 pounds occasionally, and 20 pounds frequently. He opined that plaintiff could stand or walk for at least two hours, and was not

limited in his ability to sit, push, or pull. (Tr. 192-96.) These medical opinions are all consistent with an ability to do light work, and are therefore, inconsistent with Dr. Nash's opinion.

Further, the opinions of a treating physician that plaintiff cannot do work is not a medical opinion, but is an opinion about whether plaintiff is disabled. Opinions about disability are solely for the ALJ to determine. Physicians' statements about disability are not controlling. Nelson v. Sullivan, 946 F.2d 1314, 1316 (8th Cir. 1991).

Plaintiff also argues that the ALJ improperly considered his daily activities. He argues that his ability to do household chores at his own pace is different from being able to maintain employment. Under Polaski, daily activities are but one factor to be considered when determining plaintiff's RFC. Polaski, 739 F.2d at 1322. Other factors include the duration, frequency, and intensity of the pain, any precipitating factors, whether the claimant has been taking pain medication and the dose, and functional restrictions. Id.; Depover v. Barnhart, 349 F.3d 563, 566 (8th Cir. 2003). The ALJ may not discredit subjective complaints based solely on personal observation. Polaski, 739 F.2d at 1322. "Subjective complaints may be discounted if there are inconsistencies in the record as a whole." Singh, 222 F.3d at 452. "An ALJ who rejects such complaints must make an express credibility determination explaining the reasons for discrediting the complaints." Singh, 222 F.3d at 452.

The ALJ considered all of the above factors, including plaintiff's daily activities. While plaintiff may have moved at his own pace, his daily activities do not suggest a disabling condition. He walks three miles a day. He testified that he does yard work, uses a push mower, gardens, and does all the household chores. He testified that he watches television, uses a computer for bookkeeping and games, goes to church, eats out at restaurants, and goes to movies. He is able to shower and groom himself. (Tr. 40-43.) His level of activity, even at his own pace, was more than light housework. See Easter v. Bowen, 867 F.2d 1128, 1130 (8th Cir. 1989). The ALJ did not improperly characterize plaintiff's daily activities.

Further, there were many other factors weighing in favor of discrediting plaintiff's subjective complaints. He was not using pain medication and was not receiving aggressive, consistent treatment. Infrequent doctor visits can indicate that the plaintiff's complaints are not credible. See Buckler v. Bowen, 860 F.2d 308, 311 (8th Cir. 1988); Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987). Failure to use pain medication suggests a lack of disabling pain. Shannon v. Chater, 54 F.3d 484, 487 (8th Cir. 1995). He had not been hospitalized for his condition since the onset date and did not visit the emergency room. No doctors placed any further restrictions on him than those set forth in the RFC.

Plaintiff argues that the RFC assessment in the record at Tr. 157-65 was not signed and could not properly support findings made by the ALJ. This argument is without merit.

A properly signed RFC assessment was issued on March 9, 2005, which in some aspects is less limiting than the unsigned one. (Tr. 193-96.) Also, an unsigned assessment is immediately preceded by the signed summary document that supported the ALJ's findings. (Tr. 156.) Finally, at the beginning of the hearing before the ALJ, plaintiff generally allowed all of the administrative record, including the unsigned assessment, to become part of the record without objection. (Tr. 23-24.)

Plaintiff also argues that the ALJ should have determined that plaintiff was disabled under Medical Vocational Guidelines Rule 201.14, "which directs a finding of disabled for a person who cannot return to past relevant work, who is limited to sedentary work, who is closely approaching advanced age, with a high school education, and who does not possess transferable skills." Strong v. Apfel, 122 F. Supp. 2d 1025, 1030 (S.D. Iowa 2000).

However, here, the ALJ found that plaintiff was capable of light work, and was not limited to sedentary work. There is substantial evidence supporting this decision. Therefore, the ALJ did not err by not finding plaintiff disabled under Rule 201.14.

Because there is substantial evidence on the record as a whole supporting the decision that plaintiff can perform light work, the decision of the ALJ should be affirmed.

**RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned that the decision of the Commissioner of Social Security be affirmed under Sentence 4 of 42 U.S.C.§ 405(g).

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

/S/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 23, 2007.